# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FREDNANDUS MCINTOSH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-2044 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. On November 30, 2010, the Court directed movant to show cause why this action should not be dismissed as time-barred. Movant has failed to respond. As a result, the Court will dismiss this action as time-barred.

Movant pled guilty to felon in possession of a firearm. On November 13, 2008, the Court sentenced movant to 36 months' imprisonment to be followed by two years of supervised release. Movant appealed, and the United States Court of Appeals for the Eighth Circuit issued its judgment on March 3, 2009.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006).

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is within 90 days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A § 2255 movant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

As is stated above, the United States Court of Appeals for the Eighth Circuit entered its judgment on March 3, 2009. Therefore, the limitations period expired on June 1, 2010. The instant § 2255 motion, however, was not filed until at the very earliest October 3, 2010, which is the date movant states he filed it with the prison mail system. As a result, the motion is barred by the limitations period, and this action shall be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this   19th   day of January, 2011.